IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN LIPTOK, | : | Civil No. 1:21-CV-1475 |
| Plaintiff, | : | |
| v. | : | |
| SUPERINTENDENT MASON, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Presently before the court is the complaint and motion to proceed *in forma pauperis* of self-represented Plaintiff John Liptok ("Liptok"), a state inmate incarcerated at the Mahanoy State Correctional Institution ("SCI-Mahanoy"), in Frackville, Pennsylvania. (Docs. 1, 4.) For the following reasons the court will grant Liptok's motion to proceed *in forma pauperis* but dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) with leave to file an amended complaint.

### FACTUAL BACKGROUND

John Liptok filed the above-captioned action pursuant to 42 U.S.C. § 1983 on August 23, 2021 after he failed to receive mail sent from his family. (Doc. 1.)

According to the complaint, in April 2021, Liptok's family sent him mail via the Smart Communications[1] but he never received it. (*Id.*, p. 7.)[2]

Liptok names the following individuals as Defendants: John Wetzel, former DOC Secretary; Superintendent Mason; and Mailroom Supervisor Faith Walter. (*Id.*) Liptok "blames" Secretary Wetzel for modifying the way prisoners received incoming mail after it was discovered drugs were being introduced into the prisons via inmate mail sent directly to the prison. Consequently, non-privileged incoming mail is sent to Smart Communications in Florida for processing. Inmates then receive copies of the scanned mail. (*Id.*, pp. 7–8.) Although Faith Walter told Liptok "nothing came in, [he] believes it did." (*Id.*) Liptok names Superintendent Mason as a Defendant because she is "not doing her job" as evidenced by the fact his mail is missing. (*Id.*) As relief, Liptok the return of his mail and compensation for his mental health injuries. (*Id.*, p. 5.)

## JURISDICTION

The court has jurisdiction over Plaintiff's 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1331 which allows a district court to exercise subject matter

---

[1] According to the Pennsylvania Department of Corrections' ("DOC") website, "[a]ll general incoming correspondence needs to be sent to the DOC's third party mail vendor" Smart Communications. General incoming correspondence is defined as "nearly all correspondence which is NOT legal or privileged correspondence." *See* https://www.cor.pa.gov/Pages/Mail.aspx (last visited: Jan. 20, 2022).

[2] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if, for example, it is frivolous or fails to state a claim for which relief may be granted). The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citing *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…." Fed. R. Civ. P. 8(a)(1). In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed by the court. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011). Yet, a self-represented party must still "abide by the same rules that apply to all other litigants," and must still "allege sufficient facts in their complaints to support a claim." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)). Thus, to survive screening, a prisoner-plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable to the misconduct. *Iqbal*, 556 U.S. at 678–79. Self-represented litigants are to be granted leave to file a curative

amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 245 (3d Cir. 2008). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Dooley*, 957 F.3d at 376 (citing *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002)).

## DISCUSSION

Liberally construing Liptok's complaint, the court believes Plaintiff to be asserting a First Amendment and Due Process claim related to the one-time loss or destruction of his personal property, i.e. incoming non-privileged mail from his family in April 2021. (Doc. 1.) For the following reasons, Liptok's complaint will be dismissed as it does not state a plausible basis for a claim. However, Plaintiff will be given leave to file an amended complaint so he can provide more information about the basis for his claims.

### A. First Amendment

Prisoners have a First Amendment right to communicate with the outside world by sending and receiving mail. *Thornburgh v. Abbott*, 490 U.S. 401 (1989); *Jones v. Brown*, 461 F.3d 353, 358 (3d Cir. 2006) (explaining state prisoners do not forego their First Amendment right to use the mail simply due to their incarceration). Prison regulations or practices that affect a prisoner's legal mail

have the potential to interfere with a prisoner's right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343 (1996). Prison regulations or practices affecting a prisoner's receipt of non-legal mail may also implicate First Amendment rights if not "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). It is well-established that "preventing the introduction of contraband into the prison is … a legitimate penological interest." *Guyer v. Beard*, 907 F.2d 1424, 1428–29 (3d Cir. 1990) (citation omitted).

In the present case, although Liptok blames the alleged mismanagement of his personal mail on the requirement that it must go to Smart Communications first, he does not allege the prison mail regulation is unconstitutional, rather he expresses his preference for the older and faster method of handling incoming mail where it was sent directly to the prisoner at the prison. Additionally, he acknowledges the change in mail policy was prompted by the improper use of prisoner mail by some to introduce drugs into the facilities. In the complaint, Liptok alleges it is the conduct of individuals that interfered with the timely receipt or destruction of incoming mail from his family in April 2021. Accepting these allegations as true, Liptok fails to state a First Amendment claim as a "single, isolated interference with [plaintiff's] personal mail was insufficient to constitute a First Amendment violation." *Nixon v. Sec'y Pennsylvania Dep't of Corr.*, 501 F. App'x 176, 178 (3d Cir. 2012).

B. **Fourteenth Amendment Claim**

To the extent Liptok alleges that Defendants have intentionally destroyed his incoming nonlegal mail from his family, the court construes his claim as a Fourteenth Amendment violation for the deprivation of property without due process of law.  Accepting as true Liptok's allegations that Defendants lost or destroyed his incoming personal mail, he nonetheless fails to state a due process claim.  Neither the negligent nor the unauthorized deprivation of property by a state employee rises to a due process violation if state law provides an adequate post-deprivation remedy.  *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) (negligent acts of officials causing unintentional loss of property does not violate due process); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984 (intentional deprivation of property does not violate due process if meaningful post-deprivation remedy for loss is available).  The Third Circuit Court of Appeals has held that the DOC's prison grievance system provides an adequate post-deprivation remedy to satisfy due process.  *See Monroe v. Beard*, 536 F.3d 198, 210 (3d Cir. 2008); *see also Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 422 (3d Cir. 2000) (holding that the prison's grievance program and internal review provides an adequate post-deprivation remedy to satisfy due process); *Shareef v. Moore*, 844 F. App'x 487 (3d Cir. 2021) (no due process violation where inmate had access to adequate post-deprivation remedy to address confiscation and destruction of

7

property and legal papers). Pennsylvania tort law also provides an adequate remedy for prison officials' unlawful deprivation of inmate property. *See* Pa. Cons. Stat. Ann. § 8522(b)(3); *see also Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (per curiam) (Pennsylvania Tort Claims Act provides adequate remedy for willful destruction of property). Based on this caselaw, Liptok fails to state a due process claim. *See Spencer v. Bush*, 543 F. App'x 209, 213 (3d Cir. 2013) ("'[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available.'" (quoting *Hudson,* 468 U.S. at 533). Accordingly, Liptok has not stated a basis for a due process claim because state law provides him with a remedy for his lost or destroyed property, i.e. his nonlegal mail.

## LEAVE TO AMEND

As stated, Liptok's entire complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Nonetheless, the court will grant Liptok twenty-one days (21) to file an amended complaint as to the alleged loss or destruction of his April 2021 non-legal mail. If Liptok decides to file an amended complaint in this action, he must clearly label it "Amended Complaint" on the face of the document. It must bear the docket number assigned to this case and must be retyped (double spaced) or legibly rewritten (double spaced) in its

entirety, on the court-approved form. In addition, any amended complaint filed by Liptok supersedes (replaces) the original complaint already filed. It must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. LR 15.1; *see also W. Run Student Hous. Assocs. v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013).

The court cautions Liptok that the amended complaint must be concise and direct. *See* Fed. R. Civ. P. 8(d). Each allegation must be set forth in individually numbered paragraphs in short, concise, and simple statements. *Id.*; Fed. R. Civ. P. 10(b). The factual allegations of the amended complaint may not be conclusory. Instead, the facts alleged should be specific enough as to time and place of the violations and must *identify* the specific person or persons responsible for the deprivation of his constitutional rights and what each defendant did to harm him. *Iqbal*, 556 U.S. at 676.

If Liptok fails to file an amended complaint on the court's form within twenty-one days, the court will dismiss his action pursuant to 28 U.S.C. § 1915(e)(2)(B).

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: January 24, 2022